IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

MICHAEL ARMSTRONG,

    Plaintiff,

v.                                  CIVIL ACTION NO. 1:18-01466

RALPH JUSTUS, individually,
C.A. DUNN, individually,
E.W. BOOTHE, individually,
S.P. MCKINNEY, individually,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion for leave to amend his Complaint. (ECF No. 19). In the motion to amend, plaintiff seeks leave of the court to: (1) provide more particular allegations regarding defendants Boothe and Dunn's involvement in the use of force incident; and (2) add the claim, in the alternative, that Boothe and Dunn should be liable as bystanders to the incident. Defendants have not responded to the motion to amend.

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleading "once as a matter of course at any time before a responsive pleading is served . . . [o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." In Foman v. Davis, 371

U.S. 178, 182 (1962), the United States Supreme Court noted that amendment under Rule 15(a) should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Here, plaintiff seeks to amend after responsive filings have been served. Therefore, plaintiff may amend only by leave of court, as defendants did not provide written consent to the amendments.

Additionally, "[o]nce the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b) [of the Federal Rules of Civil Procedure]. If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D.W. Va. 1995) (citing Lone Star Transp. Corp. v. Lafarge Corp., 19 F.3d 1429 (4th Cir. 1994)). Here, the motion to amend was filed prior to the deadline for the amendment of pleadings contained in the scheduling order. Therefore, Rule 16(b)'s good cause requirement need not be satisfied in this instance.

After a review of the record, the court concludes that there has been no undue delay, bad faith, or dilatory motive on the part of plaintiff in filing his motion to amend. Furthermore, the court finds that defendants would not suffer

undue prejudice by the filing of the amended complaint. Likewise, at this juncture, the court cannot find that plaintiff's claims are futile. While the claims may ultimately be subject to dismissal or the entry of judgment in defendants' favor, it is not clear at this point in the proceeding that such a claim is futile. See, e.g., Smithfield Foods, Inc. v. United Food & Commercial Workers Intern. Union, 254 F.R.D. 274, 280 (E.D. Va. 2008) ("Further, even where the possibility of relief is remote, leave to amend is to be permitted because it is the possibility of recovery, and not its likelihood, that guides this Court's analysis.").

Based on the foregoing, plaintiff has established that he is entitled under Rule 15 to amend his Complaint. Accordingly, the motion to amend is **GRANTED** and the Clerk is directed to file the amended complaint (attached as an exhibit to the motion to amend). (ECF No. 19, Exh. 1). Furthermore, because of the court's ruling on the motion to amend, defendants' motion to dismiss, (ECF No. 14), is **DENIED** without prejudice as moot.* If

---

* "As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." Young v. City of Mt. Ranier, 238 F.3d 567, 572 (4th Cir. 2001). "Thus, a defendant's previous motion to dismiss is rendered moot when a plaintiff files an amended complaint." Sennott v. Adams, 2014 WL 2434745, *3 (D.S.C. May 29, 2014) (declining to consider defendants' motion to dismiss as applicable to amended complaint "[d]ue to complexity of this case, and because Plaintiff's

they choose, defendants may renew their motion to dismiss if appropriate.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** this 15th day of October, 2019.

ENTER:

_David A. Faber_
David A. Faber
Senior United States District Judge

---

amendments seek to remedy the defects raised in Defendants' Motion to Dismiss").