IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT     BLUEFIELD

MICHAEL ARMSTRONG,

      Plaintiff,

vs.                              Civil Action No.1:18-01466

RALPH JUSTUS, individually,
C.A. DUNN, individually,
E.W. BOOTHE, individually,
S.P. MCKINNEY, individually,

      Defendants.

## AMENDED COMPLAINT

This complaint, brought pursuant to 42 U.S.C. Section 1983, the Fourth Amendment to the United States Constitution, arises out of the Defendants' use of excessive force on the Plaintiff on or about November 22, 2016 in the town of Welch, McDowell County, West Virginia, within the Southern District of West Virginia.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 1343.

## PARTIES

1.      The Plaintiff, Michael Armstrong, was at all times relevant hereto a resident of Welch, McDowell County, West Virginia.

2.      Defendant Ralph W. Justus was at all times relevant hereto a trooper with the West Virginia State Police and was at all times relevant hereto acting under the color of law,

having an address of 850 Virginia Avenue, Welch, West Virginia. Upon information and belief, he has since been terminated from the West Virginia State Police based on misconduct performed while on duty.

3. Defendant C.A. Dunn was at all times relevant hereto a trooper with the West Virginia State Police and was at all times relevant hereto acting under the color of law, having an address of 850 Virginia Avenue, Welch, West Virginia.

4. Defendant E.W. Boothe was at all times relevant hereto a trooper with the West Virginia State Police and was at all times relevant hereto acting under the color of law, having an address of 850 Virginia Avenue, Welch, West Virginia.

5. Defendant S.P. McKinney was at all times relevant hereto a patrolman with the City of Welch Police Department, and as such an employee of the political subdivision known as the City of Welch, West Virginia, having an address of 88 Howard Street, Welch, WV 24801.

**FACTS**

6. On November 22, 2016, law enforcement arrived at the plaintiff's residence, where he lived with his elderly mother. They had been arguing, and continued arguing after the arrival of the defendant law enforcement officers.

7. Upon entry into the home, Defendant McKinney began to talk to the plaintiff's mother about whether she wanted the plaintiff to leave the home. Meanwhile, the defendant state troopers began to speak with the plaintiff.

8. At that time, the plaintiff was not under arrest; nor was he suspected of committing any crimes. He was merely being asked to leave by his mother, but he had no place to go. He was a resident of the home, and had not been served with an eviction order.

9. As Defendant McKinney was speaking to the plaintiff's mother, Defendant Justus informed the plaintiff that, he was "not [his] buddy," and ordered him to stand up and put his hands behind his back.

10. Plaintiff complied by standing up and attempting to put his hands behind his back where Justus requested.

11. Plaintiff is a large man with limited shoulder mobility. When Justus attempted to bring his hands close enough together behind plaintiff's back using a single pair of handcuffs, plaintiff's hands would not come that close together. For this reason, Justus accused the plaintiff of "tensing up." He repeatedly started to say, "stop tensing up, stop tensing up…."

12. Suddenly, and without warning, Trooper Justus violently threw the plaintiff face-first into the floor, and then jumped on top of him, placing his knee, and the full weight of his body, onto plaintiff's neck.

13. The weight of Justus onto the plaintiff's neck caused plaintiff to attempt to relieve the pressure from his neck and panic. During this time, the officers began to accuse plaintiff of resisting. They yelled, "stop resisting, stop resisting." However, Justus was purposely suffocating the plaintiff and giving him a drowning sensation, and intense pain.

14. The plaintiff never assaulted any officer, nor attempted to assault any officer.

15. Plaintiff was then arrested for obstructing an officer. The case went to bench trial, and the trial judge found that that there was "a likelihood" that plaintiff was obstructing. He was not charged with, nor convicted of assault or battery or any individual.

16. Since obstructing was the charge for which he was arrested, at the time of the use of force, there is no other crime alleged to have been committed by the plaintiff. As such, plaintiff was obstructing the investigation of a non-crime.

17. Plaintiff subsequently appealed the conviction, which is currently pending before the West Virginia Supreme Court of Appeals.

## COUNT ONE - EXCESSIVE FORCE UNDER 42 U.S.C. 1983

## VIOLATION OF THE FOURTH AMENDMENT

18. Plaintiff incorporates by reference all the allegations contained in the previous paragraphs.

19. Defendant Justus, under color of state law, used excessive force against the Plaintiff, in his home, as described above in detail, on November 22, 2016. Defendants Dunn and Boothe joined in and assisted Justus in inflicting harm on the Plaintiff. Officer McKinney watched the incident occurred, and did nothing.

20. When the Defendant Justus engaged in inflicting violent physical force against Mr. Armstrong by violently throwing the plaintiff face-first into the floor, and then jumping on top of him, placing his knee, and the full weight of his body, onto plaintiff's neck, no objectively reasonable officer could have perceived Mr. Armstrong as posing an immediate threat to the safety of the defendant officer, or any other individual, so as to require the infliction of such violent physical force.

21. Defendant Justus had no legitimate reason to believe that the Plaintiff had committed any crime. He claims to have wanted to perform a Terry frisk of the Plaintiff.

However, he had no reason to suspect that the Plaintiff was armed, or that he was dangerous in any way.

22. The Plaintiff was not armed at any time during the use of force incident - nor was there any reason to suspect that he might be armed.

23. At no time did the Plaintiff attack or assault Defendant Justus. Nor did he resist in any way, other than to react to the pain and the drowning sensation being caused to him by Justus. Indeed, Plaintiffs arms truly would not come close enough together to be handcuffed, as evidenced by the fact that they had to use two pairs of handcuffs in order to handcuff him.

24. Defendant Justus' actions were objectively unreasonable, unlawful, unwarranted, and in violation of Mr. Armstrong's clearly established procedural and substantive rights, including the right to be free from excessive force under the Fourth Amendment of the United States Constitution. Fourth Circuit case law has long been clear that violent physical force by a police officer is excessive in response to "mere words" by an arrestee where the arrestee "never pushed, kicked, or threatened anyone." Jones v. Buchanan, 325 F.3d 520 (4th Cir. 2003).

25. The defendant officer's actions were willful, wanton, intentional, malicious and done with a callous and reckless disregard for Mr. Armstrong's Fourth Amendment right to be free from excessive force. In the event that this Court determines that the use of force, or any portion of the use of force, against Mr. Armstrong was performed at a time was when he was a pretrial detainee, the Plaintiff pleads excessive force, in the alternative, under the Fourteenth Amendment of the U.S. Constitution.

26. Defendants Dunn and Boothe are liable due to their personal participation in the use of force. Boothe and Dunn had their hands on the plaintiff, and assisted Justus in taking the

plaintiff to the ground, and were helping to hold him down while Trooper Justus put his weight on plaintiff's neck, causing suffocation and pain. They were assisting Justus' use of force. In the event the Boothe and Dunn did not assist in Justus' use of force, the plaintiff hereby makes a claim in the alternative for bystander liability against Boothe and Dunn. Defendant McKinney is liable due to the doctrine of "bystander liability," given that he watched the incident occur, and did absolutely nothing to stop it - despite it being within his power to do so.

27. The Plaintiff suffered harm and damages for which he is entitled to recover, including reasonable attorney fees and expenses.

## PRAYER

WHEREFORE, based on the above stated facts, the plaintiffs respectfully requests that this Honorable Court award:

1. Damages against the defendants in an amount to be determined at trial which will fairly and reasonably compensate the plaintiffs for all compensatory damages to be proven at trial;

2. Punitive damages against the individual defendants in an amount to be determined at trial; and

3. Reasonable attorney fees and costs.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

                                              MICHAEL ARMSTRONG,
                                              By Counsel

/s John H. Bryan
John H. Bryan (WV Bar No. 10259)
JOHN H. BRYAN, ATTORNEYS AT LAW
611 Main Street
P.O. Box 366
Union, WV 24983
(304) 772-4999
Fax: (304) 772-4998
jhb@johnbryanlaw.com
for the Plaintiff