```
              IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

MICHAEL ARMSTRONG,

    Plaintiff,

v.                                              CIVIL ACTION NO. 1:18-01466

RALPH JUSTUS, et al.

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendants' motion to enforce a settlement agreement. (ECF No. 64.) Specifically, defendants ask this court to order plaintiff to sign a draft release pursuant to the settlement agreement. For the reasons that follow, the court will grant the motion in part and order plaintiff either to sign the release or set forth, in writing, why he refuses to do so.

### I.   Background

The original complaint named four defendants. The court has dismissed the complaint, with prejudice, as to two of them: E.W. Boothe and C.A. Dunn.[1] This is the motion of the remaining two defendants: Ralph Justus and S.P. McKinney ("defendants").

---

[1] The court's dismissal order of May 29, 2020 (ECF No. 63), erroneously states that the case was dismissed as to all defendants. The proposed order of the parties, upon which the court was acting, dismissed only Boothe and Dunn. The court hereby amends that order to dismiss the complaint with prejudice as to Boothe and Dunn only.

According to defendants, the parties reached a global settlement on or about April 21, 2020. The terms were that defendants would pay a sum certain in exchange for dismissal of the action and a signed release.[2] Defendants have tendered checks for the settlement amounts and have sent plaintiff's counsel a release accurately depicting the terms of the settlement. Plaintiff, however, has refused to sign the release.

Plaintiff's counsel agrees with this recitation of what happened. According to plaintiff's counsel, he had authority to settle the case, and plaintiff agreed to the terms of the settlement. The terms are fair. He has asked plaintiff to sign the release. Plaintiff has refused to do so but does not explain why the release is objectionable to him. Plaintiff is no longer responding to his counsel. His counsel is holding the settlement funds in trust pending the resolution of this motion or further order of the court.

II. **Discussion**

Among the inherent powers of district courts is the power to enforce a settlement agreement. Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540 (4th Cir. 2002). Neither a party's regret over agreeing to settlement nor the lack of a formal, written agreement is grounds for undoing a valid settlement.

---

[2] Boothe and Dunn were to be dismissed without payment.

See id. When there is a complete settlement agreement, the terms of which the court can determine, the agreement is enforceable by court order. See id.

"In determining whether to enforce a settlement agreement, if there is a substantial factual dispute over either the agreement's existence or its terms, then the district court must hold a plenary evidentiary hearing." Topiwala v. Wessell, 509 F. App'x 184, 187 (4th Cir. 2013) (citing Hensley 277 F.3d at 541). To enforce a settlement agreement "summarily" in the face of a factual dispute is usually reversible error. Hensley, 277 F.3d at 541. But in order to merit an evidentiary hearing, the factual challenge must be plausible. See Topiwala, 509 F. App'x at 187 (district court's decision not to hold an evidentiary hearing affirmed where the "claim that there was no 'meeting of the minds' was implausible").

Here, plaintiff's counsel represents that plaintiff has refused to provide specific objections to any term of the release. Plaintiff does not appear to deny that he agreed to the settlement. Plaintiff has not filed an opposition to this motion. At this point, therefore, there appears to be no dispute as to the existence and terms of the settlement agreement. In an abundance of caution, however, the court will give plaintiff the opportunity to explain why he will not sign the agreement.

### III. Conclusion

For the foregoing reasons, plaintiff is **ORDERED** to take one of two actions by September 21, 2021: (1) sign the release; or (2) file in this court or send to his attorney, in writing, his objections to signing the release. Plaintiff's counsel should promptly inform the court if he receives written objections from plaintiff. Should plaintiff fail to submit objections timely, the court will dismiss the case, with prejudice, as to defendants. Should plaintiff's objections plausibly contest the existence of a settlement agreement, the court will hold an evidentiary hearing forthwith.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record. Plaintiff's counsel is directed to forward it to plaintiff immediately.

**IT IS SO ORDERED** this 13th day of September, 2021.

ENTER:

David A. Faber
Senior United States District Judge