```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

MICHAEL ARMSTRONG,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:18-01466

RALPH JUSTUS, individually,
C.A. DUNN, individually,
E.W. BOOTHE, individually,
S.P. MCKINNEY, individually,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendants' motion to enforce a settlement agreement.  (ECF No. 64.)  On November 1, 2021, the court held an evidentiary hearing on this matter and **GRANTED** defendants' motion.  Plaintiff having shown no interest in complying with the settlement agreement (signing the release), the court indicated its intention to dismiss this case.  The court will now do so and will explain its reasoning below.

Plaintiff filed this § 1983 case on November 21, 2018.  He filed an amended complaint on October 15, 2019.  Defendants filed motions for summary judgment on March 30, 2020, which were fully briefed as of April 16, 2020.  On April 22, 2020, the court entered an order acknowledging that it had been advised of the settlement of this case.  The same day, plaintiff and two defendants, E.W. Boothe and C.A. Dunn, submitted a voluntary

order of dismissal with prejudice as to Boothe and Dunn.  On May 29, 2020, the court entered an order dismissing the case with prejudice.[1]

On September 24, 2020, the remaining defendants, Ralph Justus and S.P. McKinney, filed a motion to enforce a purported settlement agreement.  On October 2, 2020, plaintiff filed a response in which his attorney, John Bryan, acknowledged his agreement with defendants' recitation of the facts pertaining to settlement.  On September 13, 2021, the court ordered plaintiff to take one of two actions by September 21, 2021:  (1) sign the release; or (2) file in this court or send to his attorney, in writing, his objections to signing the release.

On October 1, 2021, the court received a five-page, single-spaced statement containing plaintiff's thoughts on this case and his legal representation.  Plaintiff described this statement as his "commentary" and attached seventy-six pages thereto, consisting of copies of correspondence, the vast majority of which was likely covered by the attorney-client privilege.  Because it was unclear whether plaintiff intended to file those documents in the record and potentially waive the attorney-client privilege, the court sealed the filing.

---

[1] Noting its error, the court later amended this order *sua sponte* to dismiss the case with prejudice as to Boothe and Dunn only. (ECF No. 68.)

On November 1, 2021, the court held a hearing regarding the purported settlement. Defendants reiterated their position that there was a valid settlement. Mr. Bryan agreed, stating that he had authority to enter into the settlement and that there was a meeting of the minds. Plaintiff disagreed.

Plaintiff and his counsel stated that written communications between them may help the court determine whether there was a valid settlement. The court explained to plaintiff that these communications are covered by the attorney-client privilege, and plaintiff stated that he wished to waive the privilege. The court made a finding that plaintiff had waived the attorney-client privilege as to the communications pertinent to whether there was a valid settlement.

The court set an evidentiary hearing that was ultimately held on January 10, 2022. Plaintiff and Mr. Bryan appeared. Cy Hill appeared for defendant S.P. McKinney and Michael D. Mullins appeared for defendant Ralph Justus. Defendants called Mr. Bryan and plaintiff as witnesses.

The testimony from Mr. Bryan, which included his review OF written communications between him and plaintiff, was as follows. As discovery came to a close in this case, defendants repeatedly requested a settlement demand amount. Mr. Bryan received a range of authority from plaintiff of $15,000 to $20,000. Mr. Bryan had no doubt that he had authority to settle

3

the case for a minimum of $15,000. Mr. Bryan then negotiated a settlement with defendants' counsel for $15,000 in exchange for a release of claims.

Mr. Bryan informed plaintiff of this result, and plaintiff thanked him for his efforts. When plaintiff was asked to sign the release, however, he refused to do so, believing that doing so would jeopardize his ongoing efforts to overturn a misdemeanor conviction relating to the events that gave rise to the lawsuit. Mr. Bryan explained to plaintiff that this case is a civil lawsuit, that it has nothing to do with the criminal case, and that settlement would not prohibit plaintiff from continuing to pursue criminal appeal—this was just a dispute over money. Despite this explanation and Mr. Bryan's efforts to convince plaintiff to comply with the terms of the settlement and sign the release, Mr. Bryan was never able to obtain a signed release from the defendant.

The testimony from plaintiff was that he gave Mr. Bryan a range of authority to settle the case but that the language of the release was objectionable to him, so he refused to sign it.

Among the inherent powers of district courts is the power to enforce a settlement agreement. Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540 (4th Cir. 2002). Neither a party's regret over agreeing to settle nor the lack of a formal, written agreement is grounds for undoing a valid settlement. See id.

4

When there is a complete settlement agreement, the terms of which the court can determine, the agreement is enforceable by court order. See id. A district court must deny enforcement if it concludes that there was no settlement agreement or if agreement was not reached on all material terms.

At the hearing, the court found that there was a valid settlement. Mr. Bryan's testimony was credible. Plaintiff gave him authority to settle the case for $15,000. He did so. The terms of the settlement are clear: defendants would pay $15,000 in exchange for a signed release.

Plaintiff's testimony that he did not like the language of the release does not make the settlement agreement unenforceable. There is no indication that the release was anything other than a standard release of all claims against defendants. It was within the scope of Mr. Bryan's authority to agree to a standard release. Mr. Bryan testified that he tried to explain to plaintiff the difference between this civil case and his criminal case, to no avail. Plaintiff's desire not to sign the release amounts to no more than regret over the authority he granted to his attorney. Such regret does not undo the settlement.

Because there was a valid settlement agreement, and because it is apparent that plaintiff has no desire to comply with its terms, the court must reluctantly dismiss this case with

5

prejudice. This is an unfortunate result, and the court has tried to avoid it. But at this point the defendants are entitled to the finality that they negotiated without further delay.[2] Therefore, this case is **DISMISSED** with prejudice.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record. Plaintiff's counsel is directed to forward it to plaintiff immediately.

**IT IS SO ORDERED** this 14th day of January, 2022.

ENTER:

David A. Faber
Senior United States District Judge

---

[2] Prior to learning that his client would not sign the release, plaintiff's counsel deposited one of the settlement checks in his client trust account. The other check was not deposited. At the hearing, plaintiff's counsel sought guidance from the court as to what to do with the settlement funds. The court declined to offer guidance on this issue, considering it more appropriately resolved between the attorneys in consultation with the State Bar, if necessary.